IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STACI D. SULLIVAN, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| VS. | * | **CASE NO.: CV-2010-494** |
| | * | |
| | * | |
| NELSON, WATSON & ASSOCIATES, | * | |
| LLC, | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT

COMES NOW Plaintiff, Staci D. Sullivan, (hereafter "Plaintiff") by counsel, and for her Complaint against the Defendant, alleges as follows:

## JURISDICTION

1.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This action also includes state law claims as to which this Court has pendant jurisdiction.

## PARTIES

2.      The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.      Defendant Nelson, Watson Associates, LLC ("NW Associates"), is a corporation formed under the laws of the State of Massachusetts and has its principal place of business in Massachusetts. NW Associates is a "debt collector" as defined by the 15 U.S.C. § 1692a(6)

## FACTS

4.      On or about November 18, 2009, Plaintiff received a call from a collector for NW Associates who identified himself as "Nick." The call was made to Plaintiff's place of employment.

5.      Plaintiff is a school teacher at O'Rourke Elementary School. That same day, her principal called her into the office and reminded Plaintiff of a certain section in the faculty handbook

that stated no personal calls were to be received.

6.       After school, Plaintiff returned the calls to "Nick" but he did not answer. She left him a message on his voice mail stating he should call her on her cell phone and informed him she could not received personal calls at work.

7.       The next day Plaintiff received another call at work from NW Associates and this time received a verbal warning from her principal. She again called back and told the NW Associates representative not to call her at work anymore as she was not allowed to receive personal calls.

8.       About a week later, another representative with NW Associates, identifying himself as Mike Hanson, called Plaintiff at work despite the previous messages she had left to not call her at work. Plaintiff received another verbal reprimand from her assistant principal. Plaintiff informed Mr. Hanson that she had previously spoken with Nick and told him not to call her at work. Hanson said her file had just been put on his desk and he was not given any information about where to call.

9.       Plaintiff asked Hanson to discuss this matter with her husband. Plaintiff gave her husband the phone number and he also informed Hanson not to call Plaintiff at work. Hanson became rude and ugly to Plaintiff's husband and Mr. Sullivan ended the call.

10.     At the time these calls were made, Plaintiff had received no prior communication from NW Associates and received none of the information required by 15 U.S.C. 1622g. NW Associates failed to provide that information within five (5) days after the initial communication.

<u>COUNT ONE</u><br/>(<b>Fair Debt Collections Practices Act Violations</b>)

11.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

12.     This is a claim asserted against Defendant NW Associates for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

       Defendant NW Associates is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which NW Associates attempted to collect from Plaintiff is a "debt"

as defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.    Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt and its credit reporting regarding the alleged debt. Defendant's violations include, but are not limited to, the following:

A.    Making repeated attempts to collect upon a debt prior to notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

B.    Engaging in communication with Plaintiff, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

C.    Engaging in communication with Plaintiff at her place of employment after receiving notice that Plaintiff is not allowed to take such calls. This is a violation of 15 U.S.C. § 1692c(3).

14.    All of the actions taken by NW Associates in violation of the FDCPA occurred within one year of the filing prior to this action.

15.    As a proximate result of NW Associates's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

16.    As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant NW Associates for the following:

A.    Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

B.      Statutory damages pursuant to 15 U.S.C. 1692k;

C.      Declaratory judgment that NW Associates's conduct violated the FDCPA;

D.      Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

E.      Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Negligence)

17.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

18.     The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute negligence.  Plaintiff suffered damage as a proximate result of Defendant's negligence.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Wantonness)

19.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

20.     The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute wantonness.  Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being.  Plaintiff suffered damage as a proximate result of Defendant's wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and

emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT FOUR**
**(Invasion of Privacy)**

21.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

22.     The actions taken by NW Associates in repeatedly calling Plaintiff's work place, constitute a wrongful invasion of Plaintiff's privacy.  Defendants' actions caused wrongful intrusion upon Plaintiff's primary work place which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant NW Associates  for invasion of privacy and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered

**TRIAL BY JURY IS DEMANDED.**

KENNETH J. RIEMER (RIEMK8712)
Underwood & Riemer, P.C.
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama  36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kriemer@alaconsumerlaw.com

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Nelson, Watson & Associates, LLC
c/o National Registered Agents, In.
150 S. Perry Street
Montgomery, AL 36104