IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| STACI SULLIVAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO:  CV2010-494 |
| | ) | |
| NELSON, WATSON & ASSOCIATES, LLC | ) ) | |
| | ) | |
| DEFENDANT. | ) ) | |

## MOTION FOR ENTRY OF HIPPA ORDER

COMES NOW the Defendant, Nelson Watson & Associates, LLC, and moves this Honorable Court to enter the attached HIPPA Order, which will allow third-party medical providers to produce all requested and necessary healthcare information pertaining to the Plaintiff in accordance with the privacy requirements of HIPPA.  In support of this Motion, the Defendant shows as follows:

1.  This case involves allegations of personal injury to the Plaintiff.  Specifically, the Plaintiff alleges suffering mental and emotional pain, distress and anguish, humiliation and embarrassment.

2.  In its first set of interrogatories, Defendant asked for the names of any physicians that have treated Plaintiff for her injuries.  Plaintiff responded, "I take Zoloft, prescribed by Dr. Felicia Stella, OBGYN".  (Plaintiff's Responses to Nelson, Watson & Associates, LLC's First Set of Interrogatories, #12)

3.  Plaintiff alleges that she suffered mental and emotional injuries as a result of actions taken by the Defendant.

{W0287296.1 }

4.	Therefore, Plaintiff's medical history and treatment before, during, and after the events alleged in the Complaint are directly relevant to her claims in this matter, and are, at a minimum, reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Honorable Court to enter the attached HIPAA Order to facilitate the production of medical records in this matter.

Respectfully Submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
Amy E. Blankenship
*Attorneys for Defendant, Nelson Watson & Associates, LLC*

OF COUNSEL:
Ferguson, Frost & Dodson, LLP
2500 Acton Rd., Suite 200
Birmingham, AL 35243
(205) 879-8722

{W0287296.1 }

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 22nd day of March, 2011, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

|         |                                                                                  |
|---------|----------------------------------------------------------------------------------|
| _____ | mailing the same by first-class United States mail, properly addressed and postage pre-paid |
| _____ | hand delivery                                                                    |
| _____ | via facsimile                                                                    |
| __X__   | E-File                                                                           |

Kenneth J. Riermer
Underwood & Riemer, PC
P.O. Box 1206
Mobile, AL  36635
*Attorney for Plaintiff*

                                                /s/ Neal D. Moore, III
                                                OF COUNSEL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STACI SULLIVAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )   CASE NO:  CV2010-494 |
| | ) |
| NELSON, WATSON & ASSOCIATES, LLC | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

## **HIPAA ORDER**

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee.  This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1995 (HIPAA).

**This Court Order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena.  This Court Order is intended to authorize such disclosures under § 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party of the requirements of the Alabama Rules of Civil Procedure.  Given the allegations in this case, this Order specifically allows disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional conditions, including alcohol or drug addiction, among the patient and persons who are participating in her diagnosis or treatment, including members of the patient's family, and all treatment records.  Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.

{W0287296.1 }

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this the _____ day of _____, 2011.**

_____
UNITED STATES DISTRICT JUDGE

{W0287296.1 }